**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

GOLDEN FOODS MARKET, INC.,

     Plaintiff,

v.

BENCHMARK INSURANCE COMPANY
and COTERIE INSURANCE AGENCY
LLC,

     Defendants.

_____/

Case No.:  3:26-cv-136_____

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the defendants, Benchmark Insurance

Company ("Benchmark") and Coterie Insurance Agency, LLC ("Coterie"), through their

undersigned counsel, hereby remove the above-captioned matter to this Court from the Circuit

Court for the City of Richmond, Virginia (the "State Court Action"), stating as follows:

**PROCEDURAL POSTURE**

1.     The State Court Action was commenced by the plaintiff, Golden Foods Market,

Inc. a/k/a Golden Food Mart, Inc. ("Golden"), with the filing of its Complaint on January 8, 2026

in the Circuit Court for the City of Richmond, Virginia (Case No. CL26000208-00).

2.     Benchmark and Coterie were served with a summons and a copy of the Complaint

by service upon their registered agent, Corporation Service Company ("CSC"), on January 20,

2026.  Attached hereto as Exhibit "A" is a true and correct copy of a record from CSC confirming

receipt of service of the summons and Complaint.

3.     Benchmark and Coterie are the sole defendants in the State Court Action and jointly

consent to the removal of this action.

4.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Benchmark and Coterie in the State Court Action, as well as Benchmark's and Coterie's responsive pleadings filed in the State Court Action is attached hereto as Exhibit "B."[1]

5.      The Complaint alleges that Benchmark issued a businessowners insurance policy bearing Policy No. CBB-00048499-01 to Golden (the "Policy"), under which Coterie was the program and claims administrator.  The Complaint further alleges that Benchmark and Coterie jointly breached the Policy by failing to pay for storm damage to Golden's property located at 1401 Chestnut Street, Richmond, Virginia 23222 (the "Property") that reportedly occurred on or about February 22, 2024, and also for failing to pay for fire damage to the property that reportedly occurred on or about October 27, 2024.  *See* Ex. A, Complaint, ¶¶ 6-34.  The Complaint sets forth a single count for breach of contract against both defendants.

## JURISDICTION

### I.    Diversity of Citizenship

6.      Golden, Benchmark, and Coterie are citizens of different states for purposes of establishing this Court's subject matter jurisdiction under 28 U.S.C. § 1332.

7.      Plaintiff Golden is a Virginia corporation with its principal place of business at 1401 Chestnut Street, Richmond, Virginia 23222.  *See* Complaint, ¶ 1.

8.      Defendant Benchmark is a Kansas corporation with its principal place of business at 150 Lake Street West, Wayzata, MN 55391.  *See id.*, ¶ 2.

9.      Defendant Coterie is a limited liability company.  A limited liability company is a citizen of any state of which a member of the company is a citizen.  *See Cent. W. Va. Energy Co.*

---

[1] Note: The insurance contract attached to the Complaint, as served on the defendants, is incomplete as it is missing pages.  Exhibit B to this notice of removal contains a complete and accurate copy of what was served on the defendants.

*v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (stating, "the citizenship of a limited liability company ... is determined by the citizenship of all of its members."); *Nahigian v. Juno-Loudoun*, LLC, 661 F. Supp. 2d 563, 567 (E.D. Va. 2009) ("The law is clear, however, that '[a] limited liability company organized under the laws of a state is not a corporation' and therefore, its citizenship, for diversity purposes, is identical to that of all of its members." Quoting *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004)).

10.    In this case, Coterie consists of a single member – Coterie Applications, Inc. ("Coterie Applications"). Coterie Applications is a Delaware corporation with its principal place of business in Wisconsin. Attached hereto as Exhibit "C" is a true and correct copy of a publicly available record from the Wisconsin Department of Financial Institutions (https://apps.dfi.wi.gov/apps/corpsearch/search.aspx). This record confirms that Coterie Applications is incorporated in Delaware and maintains its principal place of business at 181 S. Riverheath Way, Suite 1200, Appleton, WI 54915.

11.    Based on the above, since Plaintiff Golden is a citizen of Virginia, Defendant Benchmark is a citizen of the States of Kansas and Minnesota, and Defendant Coterie is a citizen of the States of Delaware and Wisconsin, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## II.    Amount In Controversy

12.    The amount in controversy in this action, exclusive of in this action, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000, as set forth in 28 U.S.C. § 1332. Specifically, the Complaint alleges that Golden is seeking compensatory damages in the amount of $300,950, in addition to attorneys' fees, costs, interest, and such other and further relief. *See* Complaint, ¶ 44 and at "Wherefore" clause under the "Conclusion" heading.

## TIMELINESS OF REMOVAL

13.     This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), because it is being filed within thirty (30) days after a copy of the initial pleading setting forth the claim for relief upon which this action is based was served upon Benchmark and Coterie, i.e., January 20, 2026.

14.     Additionally, this Notice of Removal is being filed within one (1) year from the commencement of the State Court Action on January 8, 2026, and therefore meets the timeliness requirement set forth in 28 U.S.C. § 1446(c)(1).

15.     In sum, because diversity of citizenship exists as between Golden on the one hand, and Benchmark and Coterie on the other hand, and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332.

16.     The United States District Court for the Eastern District of Virginia encompasses the place where the State Court Action is pending.  Accordingly, this Court is the proper federal venue for this action.

17.     No previous application has been made for the relief requested herein.

18.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Golden and a copy is being filed with the Clerk for the Circuit Court for the City of Richmond, Virginia.

   **WHEREFORE**, Benchmark Insurance Company and Coterie Insurance Agency, LLC jointly and respectfully remove this action from the Circuit Court for the City of Richmond, Virginia.

Respectfully submitted,

MIDKIFF, MUNCIE & ROSS, P.C.

By:   */s/ Robert S. Reverski, Jr.*
        Robert S. Reverski, Jr. (VSB No. 42383)
        300 Arboretum Place, Suite 420
        Richmond, Virginia 23236
        804.560.9600 - Telephone
        804.560.5997 - Facsimile
        rreverski@midkifflaw.com
        *Attorneys for Defendants,*
        *Benchmark Ins. Co. & Coterie Ins. Agency, LLC*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2026, a true and accurate photocopy of the foregoing document was transmitted by email and served by first class mail, postage prepaid, to the following counsel of record:

William M. Tunner, Esquire
Daniel-Lester S. Edwards, Esquire
ThompsonMcMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
wtunner@t-mlaw.com
dledwards@t-mlaw.com
*Counsel for Plaintiff*

 */s/ Robert S. Reverski, Jr.*
Robert S. Reverski, Jr.

6